[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court finds that the defendant Pisciotta was an accommodation maker on the note in question. See American Oil Co. v. Valenti, 179 Conn. 349, 353-54 (1979). ("[T]he single most useful guideline [to determine what discharges an accommodation maker] is to inquire whether the conduct of the creditor has unreasonably and without authority materially altered the risk that the surety can properly be understood to have underwritten. . .").
The court further finds that he was aware of the collateral in question when he signed the note. He had every reason to believe, and did in fact believe, that the collateral would be secured by filing a lien with the Connecticut Motor Vehicle Department by way of a certificate of title. The plaintiff failed to do so apparently by error rather then design. Due to its' carelessness the security was lost.
The court finds that the plaintiff's failure to record the lien resulted in the loss of the car and therefore the defendant is discharged to that extent. The debt proper was $3,607.46 minus the $3,000.00 value of the car resulting in the defendant owing the plaintiff $607.46. Under these circumstances, the problem having been caused by the plaintiff, he is entitled to neither attorney's fees or interest.
Judgment for the plaintiff in the amount of $607.46 plus costs.
BY THE COURT,
William M. Shaughnessy Judge, Superior Court CT Page 7218